IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAMBRIC SPORTS MANAGEMENT, LLC,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:09-CV-1662-L** |
| **TEAM AK, INC., IMG WORLDWIDE, INC., GAYLORD SPORTS MANAGEMENT, LLC,** and **STERLING C. BALL,** | § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Motion to Remand, filed October 2, 2009; and (2) Defendant IMG Worldwide, Inc.'s Motion to File Letter Under Seal in connection with Response to Plaintiff's Motion to Remand, filed November 2, 2009. After careful consideration of the motions, briefs, responses, replies, appendices, record, and applicable law, the court **grants** Defendant IMG Worldwide, Inc.'s Motion to File Letter Under Seal in connection with Response to Plaintiff's Motion to Remand and **denies** Plaintiff's Motion to Remand.

## I.     Factual and Procedural Background

Plaintiff Hambric Sports Management, LLC ("Plaintiff" or "Hambric"), a Texas entity, originally brought this action in the 298th Civil District Court of Dallas County, Texas on August 21, 2009, asserting a claim for tortious interference with existing contract and a claim for tortious interference with prospective relations. Defendants removed this case on September 4, 2009, on the grounds that diversity of citizenship existed among the parties and that the amount in controversy

**Memorandum Opinion and Order – Page 1**

exceeded $75,000. Although one of the Defendants, Team AK, Inc. ("Team AK") is, like Plaintiff, a Texas entity, Defendants contend that the court still possesses jurisdiction over this action because Team AK was improperly joined. Plaintiff entered into a Management and Representation Agreement (the "Agreement") in 2006 with Anthony Kim ("Kim"), a professional golfer. The Agreement provided that Plaintiff would represent Kim as his agent from August 24, 2006, to December 31, 2008, and that Plaintiff would be entitled to receive commissions for merchandising, endorsing, promoting, and marketing deals that Kim approved prior to December 31, 2008, so long as the endorsement contracts were in effect.

Over the next several months following the Agreement, Plaintiff went to work on marketing Kim; Plaintiff was able to secure lucrative endorsements with sponsors such as NIKE. On May 6, 2008, however, Kim sent correspondence to Plaintiff notifying that he was immediately terminating the Agreement. On June 10, 2008, Kim signed a new agency agreement with Defendant IMG Worldwide, Inc. ("IMG"). Because the Agreement provided that Plaintiff had the exclusive right to represent Kim through December 31, 2008, Plaintiff contends that Kim wrongfully violated the Agreement.

Plaintiff alleges that Defendants IMG, Gaylord Sports Management, LLC ("Gaylord"), and Sterling C. Ball ("Ball") began tortiously interfering with the Agreement prior to Kim's May 6, 2008 termination. Ball allegedly became close with Kim in 2007, during the PGA Tour golf season, in an effort to gain some of Kim's $9,000,000 in earnings. From mid-2007 through May 6, 2008, Plaintiff asserts that Ball attempted to control all aspects of Kim's relationship with Plaintiff and was principally involved in the creation of Team AK on June 17, 2008, thereafter serving as Team AK's acting president.

Although Kim terminated the contract on May 6, 2008, and although Team AK was not formed until June 17, 2008, Plaintiff alleges that Team AK nevertheless continued interfering through the end of the year and diverted potential sponsors from signing a deal with Kim until after December 31, 2008, preventing Plaintiff from obtaining compensation due under the Agreement. Plaintiff has moved for remand of this case, arguing that both itself and Team AK are citizens of the same state, defeating diversity of citizenship and, incidentally, the court's subject matter jurisdiction.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" in this opinion. As the side wishing to invoke federal jurisdiction by alleging improper joinder, Defendants must establish that Team AK was joined by Plaintiff to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). In considering citizenship,

however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendants do not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

**Memorandum Opinion and Order – Page 4**

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

### III. Analysis

#### A. Plaintiff's Motion to Remand

Plaintiff argues that its claims are viable against Team AK and that there is significant evidence to support such claims.[1] Plaintiff further argues that Defendants waived their right to remove this action to federal course because Team AK filed a motion for partial summary judgment in the state court proceeding. Defendants respond that, for multiple reasons, there is no reasonable possibility that Plaintiff can recover against Team AK, that joinder is improper, and that they did not waive their right to removal.

Defendants first contend that Team AK cannot interfere with what was essentially its own contract. Team AK is a company owned by Kim that was formed on June 17, 2008. Defendants' evidence shows that Kim is the sole shareholder, director, chairman, and chief executive officer of

---

[1]Plaintiff contends that Defendants have withheld some of this evidence under the pretext of a protective order filed in an Ohio court proceeding. Plaintiff references one letter in particular, dated September 30, 2008, containing correspondence from Team AK to IMG. This letter allegedly demonstrates Team AK's liability on Plaintiff's claims. Defendants have produced this letter for the court but request that it be filed under seal. The court will grant this request.

**Memorandum Opinion and Order – Page 5**

Team AK.  *See* Defs.' App. 4-5.  The law in Texas makes clear that "a person must be a stranger to a contract to tortiously interfere with it."  *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 761 (Tex. 2006) (quoting *Morgan Stanley & Co. v. Texas Oil Co.*, 958 S.W.2d 178, 179 (Tex. 1997)).  Building on this statement of the law, Defendants contend that Kim and Team AK are so closely aligned with one another in interest and purpose as to be the same entity with respect to Plaintiff's tortious interference claims.  Plaintiff argues, however, that Kim and Team AK are separate entities and have different interests.  Plaintiff's evidence establishes that Kim is unfamiliar with and uncertain about the role and purpose of Team AK.  Pl.'s App. 81-82.  Kim, in his deposition, testified that he was not even immediately aware that he was employed by Team AK and could not recall that he was involved with Team AK's formation.  *Id.*  Plaintiff's evidence supports its contention that Ball was the key player in the formation and operation of Team AK, not Kim.

Although Defendants argue that it is improper for the court to consider Kim's unfamiliarity with Team AK because of his young age (twenty-four) and his reliance on accountants, lawyers, and advisors, the court cannot discard Kim's deposition testimony lightly.  While it is understandable that a young professional golfer may not possess full, intricate knowledge of the inner workings of a corporation, the court finds unavailing Defendants' argument that Team AK's and Kim's interests are perfectly aligned when Kim was unable to even identify *who* was running Team AK, or the purpose of Team AK.  While the court is aware of cases that hold that a parent company and its subsidiary can be essentially the same entity in the context of defending against a tortious interference claim, it is not aware of any cases in which a court has held that a corporate entity and an individual can be essentially the same entity in that context.  Indeed, one of the principal reasons that an individual forms a corporation is to shield himself from potential liability, to create a new

**Memorandum Opinion and Order – Page 6**

entity separate and distinct from himself. Moreover, Defendants have cited no such authority to the court. The court accordingly rejects Defendants' argument that Plaintiff's claims fail against Team AK because Kim and Team AK are the essentially the same entity.

Defendants next argue that Plaintiff has failed to state a viable cause of action against Team AK and that no reasonable possibility of recovery exists. In its complaint, Plaintiff asserts two claims—tortious interference with existing contract and tortious interference with prospective relations—and specifies the defendants against whom each claim is directed. With respect to the tortious interference with existing contract claim, the "Causes of Action" heading for this claim only lists Ball, IMG, and Gaylord. Pl.'s Original Pet. 9. There is no mention of Team AK. With respect to the tortious interference with prospective relations claim, the "Causes of Action" heading lists "All Defendants." *Id.* at 10. The court interprets this to mean that Plaintiff is only seeking recovery from Team AK under its tortious interference with prospective relations claim. Plaintiff, however, argues that it simply mislabeled the claim headings and actually intended both claims to apply to Team AK. Plaintiff asserts that the fair notice pleading requirements under the Texas and Federal Procedural Rules have been satisfied to put Team AK on notice of both claims. The court disagrees.

The court finds it difficult to reconcile Plaintiff's contention of a simple labeling error with the actual directives of the claims asserted. If both claims were intended to be asserted against all Defendants, specification as to which Defendants the claims applied would have been unnecessary; there would have been no need for specific labeling. Further, that the tortious interference with existing contract claim specifies all Defendants by name, except for Team AK, while the tortious interference with prospective relations claim specifies "All Defendants," instead of specifying each

Defendant by name, makes it more probable than not that Plaintiff intended to assert only the tortious interference with prospective relations claim against Team AK. This is not a situation where Plaintiff merely "forgot" to include Team AK in the heading of its tortious interference with existing contract claim, for it would have made logical sense to incorporate the same "All Defendants" specification used in the tortious interference with prospective relations claim.

Moreover, notwithstanding the omission of Team AK from the listing of defendants on the tortious interference with existing contract claim, the allegations in the paragraphs under the claim's heading only refer to the allegedly tortious conduct of Ball, IMG, and Gaylord. No allegations in these paragraphs implicate conduct by Team AK. Accordingly, the court determines that with respect to Team AK, Plaintiff only asserts the claim of tortious interference with prospective relations. The court rejects Plaintiff's arguments to the contrary.

Under Texas law, to state a claim for tortious interference with prospective relations, "a claimant must show, *inter alia*, that: (1) the defendant's conduct was independently tortious or wrongful; and (2) [the claimant] suffered actual harm or damage as a result of the defendant's interference." *Slaughter-Cooper v. Kelsey Seybold Med. Group*, 379 F.3d 285, 292 (5th Cir. 2004) (internal quotations and citations omitted).[2] As to the requirement that the defendant's conduct must be independently tortious or wrongful, "independently tortious" means that the conduct would

---

[2] Texas appellate courts have trended to synthesize two decisions by the Texas Supreme Court, crystalizing four required elements to establish a claim for tortious interference with prospective relations. These elements are: "(1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an 'independently tortious or unlawful' act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference." *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 491 (Tex. App.—Corpus Christi 2002, no pet.) (citing generally *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001), and *Bradford v. Vento*, 48 S.W.3d 749 (Tex. 2001)).

**Memorandum Opinion and Order – Page 8**

violate some other recognized tort duty. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 712 (Tex. 2001). In other words, the defendant's conduct must be "actionable under a recognized tort." *Id.* at 726. "Conduct that is merely 'sharp' or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective relations . . . ." *Id.*

Here, Plaintiff has made no argument in support, nor has it presented any evidence, that Team AK's alleged conduct is actionable under a recognized tort. Instead, Plaintiff appears to abandon its tortious interference with prospective relations claim to advance a tortious interference with existing contract claim. As discussed previously, however, Hambric has not alleged such a claim against Team AK in Plaintiff's Original Petition, and Hambric must be held to its pleadings at the time of removal when a court is to decide the issue of improper joinder. Finding that Plaintiff cannot establish this central element to its tortious interference with prospective relations claim against Team AK, the court need not analyze the other remaining elements of that claim. Plaintiff has fallen short of establishing a *prima facie* case and has shown no reasonable possibility that it can recover against Team AK on this claim. The court therefore determines that Team AK's joinder in this case is improper.

Plaintiff alternatively asserts that the foregoing analysis is moot because Defendants waived their right of removal on account of Team AK's already having filed a motion for partial summary judgment in the prior state court proceeding. Plaintiff argues that such filing expressed a specific, positive intent to invoke the state court's jurisdiction to defend the action in state court, thereby waiving the right of removal. In support of this argument, Plaintiff relies principally on a Fifth Circuit case that determined a defendant could waive its right of removal in two separate, distinct ways: by failing to file a notice of removal within thirty days of service of the initial complaint, and

by filing dispositive motions in the state court proceeding. *See* Pl.'s Reply 6 (discussing *Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000)).

Here, the record reflects that Defendants timely filed their notice of removal within the thirty-day period after being served with Plaintiff's complaint. As to Team AK's filing of a potentially dispositive motion in state court, the court will assume for the sake of this analysis that such filing did constitute a waiver of Team AK's right of removal. Hambric argues that, because Team AK waived its right of removal, Team AK is legally barred from giving its consent in removing this action to federal court. The Fifth Circuit, however, has made clear that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993)). Not only do Defendants contend that Team AK is improperly joined to this action, but the court has so found. Therefore, even if Team AK waived its right of removal, which rendered its consent to remove ineffectual, its consent, or the lack thereof, was of no consequence. The court rejects Plaintiff's argument that this case should be remanded because of Team AK's waiver and ineffectual consent to remove.

### B.   Defendants' Motion to File Letter Under Seal

The court has reviewed the letter that Defendants requested be filed under seal in connection with Plaintiff's Motion to Remand. The letter contains correspondence between Team AK and IMG regarding delaying the renewal of Kim's endorsement contracts until after December 31, 2008. The letter, however, does not change the court's analysis with respect to Plaintiff's tortious interference with prospective relations claim against Team AK; there is simply no indication that Team AK's alleged conduct was "independently tortious" and actionable under a recognized tort.

**Memorandum Opinion and Order – Page 10**

IV.  **Conclusion**

For the reasons stated herein, the court determines that Plaintiff has shown no reasonable possibility of recovery on its claim for tortious interference with prospective relations against Team AK, and that Team AK was improperly joined to this proceeding.  The court accordingly **denies** Plaintiff's Motion to Remand.  For record purposes, the court will allow the September 30, 2008, letter submitted by IMG to be filed under seal.  The court **grants** Defendant IMG Worldwide, Inc.'s Motion to File Letter Under Seal in connection with Response to Plaintiff's Motion to Remand.  The clerk of the court is therefore **directed** to file the submitted letter **under seal**, for use by only the court and the parties with respect to this lawsuit.  The letter shall remain sealed, pending a ruling from the Ohio court on the contested protective order of the parties.

**It is so ordered** this 14th day of May, 2010.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge