IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMBRIC SPORTS MANAGEMENT, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:09-CV-1662-L** |
| GAYLORD SPORTS MANAGEMENT, L.L.C. and STERLING C. BALL, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff HSM's Motion to Dismiss Defendant Gaylord's First Counterclaim for Rule 11 Sanctions, filed August 13, 2010. After carefully considering the motion, response, reply, briefs, record, and applicable law, the court **grants** Plaintiff's Motion to Dismiss.

**I.     Background**

Plaintiff Hambric Sports Management, L.L.C. ("HSM" or "Plaintiff") filed its Original Petition in the 298th District Court in Dallas County, Texas, on August 21, 2009. Defendants IMG Worldwide, Inc. ("IMG"), Gaylord Sports Management, L.L.C. ("Gaylord"), Team AK, Inc. ("Team AK"), and Sterling C. Ball ("Ball") removed the case to this court on September 4, 2009. On July 9, 2010, Plaintiff filed its First Amended Complaint. On July 26, 2010, Gaylord filed its Answer to Plaintiff's First Amended Original Complaint, Affirmative Defenses, and Counterclaims. Amongst other contentions, Gaylord asserted a counterclaim pursuant to Rule 11 of the Federal Rules of Civil Procedure. Def.'s Answer and Countercl. at 13. Gaylord "move[d] for [s]anctions under Rule 11 . . . on the basis that the current lawsuit was filed solely for the improper purpose of harassment." *Id.* On January 7, 2010, Plaintiff filed a Stipulation of Dismissal with prejudice of the

**Memorandum Opinion and Order- Page 1**

claims asserted against Defendants Team AK and IMG. Currently, only Gaylord and Ball remain as Defendants in this suit, as all others have been dismissed.* Plaintiff HSM now moves to dismiss Gaylord's Rule 11 counterclaim, contending that the counterclaim does not state a valid claim for relief.

## II. Legal Standard for Rule 12(b)(6)- Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a nonmoving party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the [nonmoving party] pleads factual content that allows the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [moving party] has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Sonnier v.*

---

*The Clerk of the Court is **instructed** to restyle the case name so that the case heading reflects only Gaylord Sports Management, L.L.C. and Sterling C. Ball as Defendants.

**Memorandum Opinion and Order- Page 2**

*State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a [moving party] attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the [nonmoving party's] complaint and are central to [the nonmoving party's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the nonmoving party. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the nonmoving party and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the nonmoving party's likelihood of success; instead, it only determines whether the nonmoving party has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   Analysis

In its Motion to Dismiss, Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 12(b)(6),Gaylord's counterclaim for Rule 11 sanctions does not state a valid claim for relief.

Specifically, Plaintiff contends that Rule 11 does not provide an independent cause of action, and, even if it did, Gaylord failed to satisfy the procedural requirements of Rule 11 before filing the counterclaim. Pl.'s Mot. Dismiss at 1. Plaintiff argues that dismissal is proper because Gaylord failed to file its motion separately from the other pleadings, did not state the specific conduct that allegedly violated Rule 11, and failed to serve the counterclaim within the requisite 21-day period. *Id.* at 3-4.

Gaylord responds that it "properly asserted Rule 11 sanctions against HSM for filing the current lawsuit solely for the improper purpose of harassment." Def.'s Resp. at 2. Specifically, Gaylord contends that its counterclaim is warranted because it repeatedly made requests for HSM to dismiss its lawsuit based on alleged deficiencies in its claim for tortious interference. Gaylord contends that "interestingly, Hambric . . . has no response to Gaylord's assertions that the lawsuit is frivolous," and thus, "Hambric [is] highlight[ing] form over substance by attacking the manner in which Gaylord asserted Rule 11 sanctions against it." *Id.* It then elaborates in detail the manner in which HSM allegedly instituted the suit for the improper purpose of harassment. Further, Gaylord requests that in the alternative, this court "should grant Gaylord leave to file a separate Rule 11 Motion for Sanctions against Hambric for the filing of its frivolous lawsuit and claim for tortious interference against Gaylord." *Id.* at 3.

Plaintiff replies that Gaylord has not submitted a valid response to HSM's Motion to Dismiss. HSM contends that Gaylord's "faulty and improper counterclaim . . . [has] left [it] with no cognizable way to respond under the Federal Rules." Pl.'s Reply at 2 (citing *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 92 (2nd Cir. 1999)). Further, Plaintiff contends that "Gaylord's unsupported contentions that 'counsel for Gaylord ha[d] advised Hambric of the

Complaint deficiencies' simply do not meet the requirements of the Federal Rules of Civil Procedure." Pl.'s Reply at 3.

The court determines that Gaylord has not stated a valid claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The "primary purpose [of Rule 11] is to discourage groundless proceedings rather than to compensate wronged parties by means of affirmative relief." *Port Drum Co. v. Umphrey,* 852 F.2d 148, 150 (5th Cir. 1988). Sanctions pursuant to Rule 11 are "designed to regulate proceedings among parties" before the court. *Id.* Thus, Rule 11 "is no more a 'law' under which a cause of action may arise than are its companion rules." *Id.*

The court concludes that Gaylord's counterclaim is misplaced because case law demonstrates that Rule 11 is merely a means to regulate proceedings and not a rule of law. Here, Gaylord attempts to use Rule 11 to create a cause of action. Rule 11 is a procedural mechanism that does not give rise to a cognizable cause of action. Gaylord cannot assert violations of Rule 11 as the basis of his counterclaim. The court concludes that a Rule 11 sanction is not a cognizable cause of action. Accordingly, the court determines that Gaylord has failed to state a claim upon which relief can be granted, and, consequently, the counterclaim must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Moreover, the court determines that Gaylord failed to follow the procedural requirements as enumerated in Rule 11(c)(2) of the Federal Rules of Civil Procedure. Rule 11(c)(2) requires that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Here, Gaylord failed to file a separate motion and failed to specifically describe the conduct. Gaylord conclusory stated that it "move[d] for Sanctions under Rule 11 of the Federal Rules of Civil Procedure on the basis that the current lawsuit

was filed solely for the improper purpose of harassment." Def.'s Answer and Countercl. at 13. As Gaylord failed to comply with the requirements of Rule 11, sanctions cannot be imposed. *See Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 379-80 (5th Cir. 2008) (holding that a district court abused its discretion in bypassing the procedural requirements of Rule 11 and then imposing Rule 11 sanctions). Consequently, dismissal of the "counterclaim" is appropriate.

## IV. Conclusion

For the reasons herein stated, the court **grants** Plaintiff HSM's Motion to Dismiss Defendant Gaylord's First Counterclaim for Rule 11 Sanctions and **dismisses with prejudice** Defendant Gaylord Sports Management, L.L.C.'s First Counterclaim for Rule 11 Sanctions. Further, the court **denies without prejudice** Gaylord's request for leave to file a separate Rule 11 Motion for Sanctions against HSM. Gaylord believes a basis exists to file a motion for Rule 11 Sanctions against Plaintiff, it **must** to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure. At the same time, the court does not wish to expend scarce judicial resources on a motion if no objective basis exists to file it.

**It is so ordered** this 19th day of January, 2011.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　United States District Judge