IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMBRIC SPORTS MANAGEMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:09-CV-1662-L** |
| GAYLORD SPORTS MANAGEMENT, LLC, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Gaylord Sports Management's Rule 59(e) Motion to Alter or Amend the Judgment, filed June 5, 2012. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Gaylord Sports Management's Rule 59(e) Motion to Alter or Amend the Judgment to the extent herein stated. The court **vacates** its order of May 24, 2012, and **directs** Plaintiff Hambric Sports Management, LLC to file a second motion to dismiss with prejudice as herein set forth.

**I.   Background**

On May 23, 2012, Plaintiff Hambric Sports Management, LLC's ("Hambric") Motion for Voluntary Dismissal Only of Defendant Gaylord Sports Management, LLC ("Gaylord") was filed. In its order of May 24, 2012, the court granted the motion and dismissed with prejudice "any and all claims of [Hambric] presented in the above-styled and numbered cause of action against Gaylord." The motion was filed pursuant to Federal Rule of Civil Procedure 41(a)(2). In its motion, Hambric stated, "[Gaylord] is not prejudiced by this dismissal and does not oppose the claims against Gaylord being dismissed with prejudice. Defendant has not filed a

counterclaim. Defendant was unable to stipulate to the dismissal of this lawsuit." Pl.'s Mot. 2. The same language regarding a stipulation of dismissal was reiterated in the certificate of conference in the motion. *Id*. at 3.

On June 5, 2012, Gaylord filed its motion under Rule 59(e) to alter or amend the judgment. Gaylord contends that it is a "prevailing party" within the meaning of Federal Rule of Civil Procedure 54(d)(1). According to Gaylord, the parties did not settle their claims. Gaylord contends that Hambric abandoned its claims against Gaylord. Gaylord argues that the dismissal with prejudice by the court is a judgment on the merits, and, therefore, it is entitled to recover its costs of suit as the "prevailing party" under Rule 54. Finally, Gaylord contends that equity and sound public policy demand that "Hambric should not be permitted to escape its obligations to pay taxable costs simply by filing for voluntary dismissal slightly before a dismissal on the merits." Gaylord's Mot. 10.

Hambric contends that Gaylord does not fall within the category of a "prevailing party" under Rule 54(d)(1), that Gaylord is not entitled to an award of costs because of its allegedly dilatory tactics, and that it dismissed its claims against Gaylord solely for economic reasons after Hambric settled with Sterling C. Ball, another defendant, who in effect paid on behalf of Gaylord. Pl.'s Resp. 3-4. Further, Hambric contends that Gaylord should not receive costs of court on policy grounds in that an award of costs would encourage defendants in multi-defendant lawsuits to engage in dilatory and "bullying" tactics. *Id*. at 13-14.

## II.   Discussion

Gaylord contends that Rule 54(d)(1) governs this case, which provides in pertinent part as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

**Memorandum Opinion and Order – Page 2**

While the court's order of May 24, 2012, should be vacated or set aside, the court does not do so on the basis of Rule 54(d)(1). Rule 54(d)(1) is not relevant to the court's analysis because of the rule under which Hambric filed its motion to dismiss. As stated, Hambric filed its motion for voluntary dismissal pursuant to Rule 41(a)(2). Accordingly, it is this rule, not Rule 54(d)(1), upon which the court will base its decision. Because Gaylord has filed an answer and there is no stipulation of dismissal signed by all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

The court misread language in Hambric's motion for voluntary dismissal because of confusing statements in the motion. On the one hand, the motion states that Gaylord "does not oppose the claims against [it] being dismissed with prejudice." Pl.'s Mot. for Voluntary Dismissal 2. On the other hand, the motion states that Gaylord "was unable to stipulate to the dismissal of this action." *Id*. This statement is somewhat contradictory to the previous statement, as the motion was not filed under Rule 41(a)(1), which provides for a stipulation by all parties as a means for voluntary dismissal. In light of the motion for dismissal being filed under Rule 41(a)(2), the import of the second statement was not sufficiently clear to the court. In filing the Rule 59(e) motion, Gaylord makes its position clear to the court.

A dismissal based on a motion filed pursuant to "Rule 41(a)(2) is within the sound discretion of the court." *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (citation and internal quotation marks omitted). From the plain text of Rule 41(a)(2), a court is essentially required to resolve three distinct issues: (1) whether to permit a dismissal of the action; (2) whether any terms should be placed on or accompany the dismissal; and (3) whether the

dismissal is to be with or without prejudice. As the parties agree that this action should be dismissed with prejudice, the only determination that this court will be required to make is what terms, if any, are proper and should be imposed regarding the dismissal.

Gaylord is not opposed to a dismissal with prejudice, provided the court includes as a term of dismissal that Hambric pay to Gaylord its reasonable costs of court. Gaylord has a right to raise this issue, and the only way to present this issue before the court is to vacate the court's order of May 24, 2012, and allow Hambric to file a second motion for voluntary dismissal pursuant to Rule 41(a)(2). If the court determines, after due consideration, that costs against Hambric is a proper term to be imposed, it does so pursuant to Rule 41(a)(2), not Rule 54(d)(1), as Rule 41(a)(2) provides that authority of the court to attach terms or conditions to the order of dismissal.

### III.   Conclusion

For the reasons stated, the court **grants** Gaylord Sports Management's Rule 59(e) Motion to Alter or Amend the Judgment to the extent herein stated; however, granting the motion is not the end of the story and does not necessarily entitle Gaylord to an award of costs. The court will make this determination once it has heard from both parties as to the terms that the court should place on the dismissal with prejudice.

Hambric shall file a second motion for voluntary dismissal with prejudice pursuant to Rule 41(a)(2) by **April 3, 2013**. In its second motion, Hambric shall set forth the terms, if any, that it deems proper for the court to consider in granting the motion. If Hambric does not believe that any terms should be imposed on the dismissal with prejudice, it must set forth its reasons and provide supporting documentation. Gaylord shall respond to the motion with supporting

documentation within **fourteen** days after the motion is filed, and Hambric may file a reply within **seven** days after the response is filed.

The court notes that this litigation has been lively, if not acrimonious. The court admonishes the parties that it will disregard any lawyer talk that is not supported by documentation. *By granting Gaylord's motion, the court does not expect the parties to engage in a second major litigation, and it will not permit one*. The issue is straightforward: what terms, if any, should be placed on the dismissal with prejudice? Evidence or documentation in support of a party's position **may not** exceed **25** pages without leave of court.

**It is so ordered** this 20th day of March, 2013.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge