**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HAMBRIC SPORTS MANAGEMENT, LLC,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1662-L** |
| | § | |
| **GAYLORD SPORTS MANAGEMENT, LLC,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff Hambric Sports Management, LLC's ("Hambric") Motion to Dismiss Gaylord Sports Management, LLC ("Gaylord") pursuant to Rule 41(a)(2), filed April 3, 2013. After careful consideration of the motion, brief in support, response, reply, record, appendices, and applicable law, the court **grants** Plaintiff Hambric Sports Management, LLC's Motion to Dismiss Gaylord Sports Management, LLC, and **denies** Gaylord's request to condition the dismissal on an award of attorney's fees and costs to it.

**I.      Background**

On May 24, 2012, the court granted Hambric's Motion for Voluntary Dismissal Only of Defendant Gaylord and dismissed this action with prejudice as to Gaylord. The court also ordered the parties to bear their own costs. On June 5, 2012, Gaylord Sports Management, LLC's Rule 59(e) Motion to Alter or Amend the Judgment was filed.

In its motion, Gaylord contended that it was a "prevailing party" within the meaning of Federal Rule of Civil Procedure 54(d)(1). According to Gaylord, the parties did not settle their claims. Gaylord contended that Hambric abandoned its claims against Gaylord. Gaylord argued

that the dismissal with prejudice by the court was a judgment on the merits, and, therefore, it was entitled to recover its costs of suit as the "prevailing party" under Rule 54. Finally, Gaylord contended that equity and sound public policy demanded that "Hambric should not be permitted to escape its obligations to pay taxable costs simply by filing for voluntary dismissal slightly before a dismissal on the merits." Gaylord's Mot. 10.

Hambric contended that Gaylord did not fall within the category of a "prevailing party" under Rule 54(d)(1), that Gaylord was not entitled to an award of costs because of its allegedly dilatory tactics, and that it dismissed its claims against Gaylord solely for economic reasons after Hambric settled with Sterling C. Ball, another defendant, who in effect paid on behalf of Gaylord. Pl.'s Resp. 3-4. Further, Hambric contended that Gaylord should not receive costs of court on policy grounds in that an award of costs would encourage defendants in multi-defendant lawsuits to engage in dilatory and "bullying" tactics. *Id*. at 13-14.

The court granted Gaylord's motion to alter or amend the judgment and stated:

> Gaylord is not opposed to a dismissal with prejudice, provided the court includes as a term of dismissal that Hambric pay to Gaylord its reasonable costs of court. Gaylord has a right to raise this issue, and the only way to present this issue before the court is to vacate the court's order of May 24, 2012, and allow Hambric to file a second motion for voluntary dismissal pursuant to Rule 41(a)(2). If the court determines, after due consideration, that costs against Hambric is a proper term to be imposed, it does so pursuant to Rule 41(a)(2), not Rule 54(d)(1), as Rule 41(a)(2) provides that authority of the court to attach terms or conditions to the order of dismissal.

Ct.'s Mem. Op. & Order 4, Mar. 20, 2013. The court ordered Hambric to file a second motion under Rule 41(a)(2) and set forth the terms or conditions that should be placed on the dismissal. The court also made clear that granting the motion was not the end of the story and did not necessarily entitle Gaylord to an award of costs. *Id.* Hambric has filed its Rule 41(a)(2) motion,

and the motion, being fully briefed, is now ripe for disposition.  The court renders its decision

pursuant to Rule 41(a)(2), not Rule 54(d)(1).

## II.      Contentions of the Parties

### A.      Hambric's Contentions

Hambric contends that no conditions should be placed on the dismissal.  Hambric takes

this position because:

> 1) it reached a settlement with four of the five Defendants it has sued in this
> lawsuit and based on Gaylord's settlement credit, HSM's remaining damages
> would be dwarfed by the attorneys' fees to take the case to trial; 2) HSM has a
> valid tortious interference clam against Gaylord; 3) Gaylord should not be
> rewarded for employing dilatory tactics during the litigation, failing to participate
> in mediation, and being the "last" Defendant standing; and 4) rewarding
> Gaylord's tactics would encourage Defendants in all multi-party cases to delay
> settlement negotiations.

Pl.'s Mot. to Dismiss 1-2; Pl.'s Br. 1-2.  Hambric requests that the court not require it to pay

costs and attorney's fees.

### B.      Gaylord's Contentions

Gaylord requests the court to condition the dismissal with prejudice on an award of

attorney's fees and costs to it because "Hambric's late motion to dismiss comes after years of

litigation, substantial discovery, many motions, and on the eve of the deadline for filing motions

for summary judgment."  Gaylord's Resp. 1.  According to Gaylord, because of these matters, it

will suffer plain legal prejudice if the dismissal is unconditional.  *Id.*  To cure this prejudice,

Gaylord urges the court to award it costs and attorney's fees.  In response to Hambric's earlier

motion for voluntary dismissal, Gaylord *only* sought an award of costs.  Now it seeks costs and

attorney's fees.

### III.     Standard for Voluntary Dismissal Under Rule 41(a)(2)

Hambric's motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2). As answers have been filed, and Gaylord has not stipulated to the dismissal of the action, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Legal prejudice will exist when an affirmative defense would be lost. *Elbaor*, 279 F.3d at 318. Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991). Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion. If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted). "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

A dismissal based on a motion filed pursuant to "Rule 41(a)(2) is within the sound discretion of the court." *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (citation and internal quotation marks omitted). From the plain text of Rule 41(a)(2), a court is essentially

required to resolve three distinct issues: (1) whether to permit a dismissal of the action; (2) whether any terms should be placed on or accompany the dismissal; and (3) whether the dismissal is to be with or without prejudice.  As the parties agree that this action should be dismissed with prejudice, the only determination that this court will be required to make is what terms or conditions, if any, are proper and should be imposed regarding the dismissal.

## IV.    Discussion

This litigation has been spirited and, at times, acrimonious.  There has been considerable to-and-fro between the parties, and the litigation has consumed an inordinate amount of scarce judicial resources.  All of this has come to an end, as the court finds unavailing Gaylord's argument that Hambric has caused it to suffer plain legal prejudice.  The court believes that certain background facts are apposite to explain fully its decision.

On June 29, 2010, the court ruled in its Memorandum Opinion and Order that Hambric failed to state a claim upon which relief could be granted regarding its claim for tortious interference with an existing contract against Defendants Team AK and Gaylord.  Mem. Op. & Order 20.  The elements of a claim for intentional interference with a contract are: (1) a contract that is subject to interference; (2) a willful and intentional act of interference with the contract by the defendant; (3) injury to the plaintiff that is proximately caused by the act of interference; and (4) actual damages or loss suffered by the plaintiff.[1]  *Prudential Life Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000) (citation omitted); *Amigo Broadcasting, L.P. v. Spanish Broadcasting Sys., Inc.*, 521 F.3d 472, 489 (5th Cir. 2008) (citing *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997)).  The court allowed Hambric an opportunity

---

[1] The court only references the tortious interference claim because it was the claim that the court ordered Hambric to replead.

**Memorandum Opinion and Order – Page 5**

to amend its pleadings and cure the deficiencies identified by the court and ordered it to file an amended pleading addressing the court's concerns by July 9, 2010.  Hambric complied with the court's order and filed Plaintiff's First Amended Original Complaint on July 9, 2010.  The First Amended Original Complaint included a claim for tortious interference with an existing contract against all Defendants.  Pl.'s First Am. Original Compl. 20, ¶¶ 44-50.

On September 23, 2011, Hambric's Motion for Leave to File Plaintiff's Second Amended Original Complaint was filed.  The court granted the motion, and Hambric filed Plaintiff's Second Amended Original Complaint on September 30, 2011.  The Second Amended Original Complaint also included a claim for tortious interference with an existing contract against all Defendants that remained, including Gaylord.

Mr. Brian A. Colao, counsel of record for Gaylord, wrote a letter, dated May 4, 2012, to Messrs. Mark A. Goodman and Robert J. Palmer, counsel of record for Hambric.  The gist of the letter was that the claims of the Second Amended Original Complaint, which included claims for tortious interference with an existing contract and civil conspiracy against Gaylord, were "groundless and brought in bad faith, or groundless and brought for the purpose of harassment, and should be dismissed."  Letter of Mr. Colao 1.  The letter further stated the following:

> Because Plaintiff's claims against my client are groundless and cannot succeed, we ask that you dismiss your suit voluntarily.  If you continue to pursue this suit and Defendant Gaylord is forced to continue expending attorneys' fees in connection with the defense of Plaintiff's groundless claims, we will file a motion seeking appropriate sanctions (including all attorneys' fees and costs that we may incur related to the defense of these claims) against you and your client.  I would, therefore, request that your client file a notice of dismissal of its[] claims against Gaylord by no later than **Friday, May 11, 2012.**

*Id.* at 2 (emphasis in original).  Within three weeks of the date of the letter, Hambric filed a motion for voluntary dismissal, and the court granted the motion on May 24, 2012.

**Memorandum Opinion and Order – Page 6**

The history outlined by the court underscores two highly significant reasons why Gaylord has not suffered plain legal prejudice: Gaylord never filed a dispositive motion against Hambric after Hambric filed its First Amended Original Complaint on July 9, 2010, and Gaylord obtained the relief it sought in its counsel's letter of May 4, 2012.

The sole purpose of ordering Hambric to replead was to ensure that its pleadings met the standard required under *Bell Atlantic Corporation v. Twombly*[2] and *Ashcroft v. Iqbal*[3] and stated a claim upon which relief could be granted.  As the pleadings did not meet the standard enunciated by the United States Supreme Court in these two cases, Hambric was required to replead its claim to overcome the deficiencies noted by the court.  The First Amended Original Complaint was the live pleading until September 30, 2011, and Gaylord did not file a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The logical and reasonable inference follows that Gaylord did not do so because it believed Hambric's pleadings to be sufficient to state a claim.  If Gaylord believed the allegations regarding the tortious interference claim to still be deficient, the appropriate course would have been to file a second motion seeking dismissal of the claim.  This, of course, was not done.  Likewise, with respect to the Second Amended Original Complaint, no dispositive motion was filed, although, as Mr. Colao's letter indicates, some saber rattling occurred.

The court now addresses the voluntary dismissal.  The letter by Mr. Colao specifically requested that Hambric voluntarily dismiss the action.  This was *all* the relief that Gaylord sought in May 2012.  The letter stated that if the action was not voluntarily dismissed, Gaylord would seek appropriate sanctions, including attorney's fees and costs.  The plain text of the letter

---

[2] 550 U.S. 544 (2007).

[3] 556 U.S. 662 (2009).

**Memorandum Opinion and Order – Page 7**

makes clear that Gaylord would only seek attorney's fees and costs if Hambric continued to pursue the lawsuit.  Within three weeks the action was dismissed, and, therefore, Gaylord obtained the relief it sought, namely, dismissal of the lawsuit.  Despite the unequivocal language in the letter, Gaylord now seeks additional relief.

The court does not believe that Gaylord is entitled to costs or attorney's fees.  As for any alleged delay, assuming there was any, Gaylord was equally complicit in the delay, as it had ample opportunity to move for a dismissal of the claims as early as twenty-two months before the dismissal in May 2012.  Further, when a party receives what it requests or obtains the desired outcome, that party should not later be allowed to expand the scope of relief.  This smacks of gamesmanship and legal legerdemain, which is patently unfair and will not be allowed by this court.  Whether Hambric agreed to voluntarily dismiss Gaylord because of the language in the letter is quite beside the point.  The bottom line is that Gaylord achieved its desired outcome, and there were no conditions attached to the request for voluntary dismissal.  Moreover, Gaylord is essentially asking the court to rule that a motion to dismiss or summary judgment would have been successful against Hambric.  The court simply cannot say that the claims of Hambric were groundless, frivolous or without foundation.   Had a dispositive motion been filed and subsequently granted, the court would be in a position to make such a determination; however, the court will not make such a determination simply because one side believes it to be the case. The court cannot determine the strength of a motion to dismiss or motion for summary judgment that was not filed, or determine how a jury would have ruled had the case gone to trial.  Such an endeavor would be nothing more than idle guesswork and speculation.  Finally, the court knows of no authority that would permit Gaylord to recover attorney's fees had it prevailed on Hambric's claims of tortious interference and civil conspiracy, under the circumstances of this

case, and none has been cited to the court.  Gaylord, for the reasons stated, has not convinced the court that Hambric has caused it to suffer plain legal prejudice, and the court will **grant** Hambric's motion unconditionally and will dismiss the action with prejudice.

### V.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff Hambric Sports Management, LLC's Rule 41(a)(2) Motion to Dismiss Gaylord Sports Management, LLC, **dismisses with prejudice** this action, and **denies** Gaylord Sports Management, LLC's request to condition the dismissal on an award of attorney's fees and costs to it.

**It is so ordered** this 26th day of November, 2013.

Sam A. Lindsay
United States District Judge